**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50062 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00300-RGK |
| v. | |
| JUAN MANUEL ESCOBAR, a.k.a. Juan Manuel Ramirez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 14, 2017[**]

Before:     GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

Juan Manuel Escobar appeals from the district court's judgment and

challenges the 50-month sentence imposed following his guilty-plea conviction for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

being an illegal alien found in the United States following deportation, in violation of 8 U.S.C. § 1326.

Escobar contends that the district court procedurally erred by failing to address his request for a downward departure for cultural assimilation and his other mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude there was none. The record reflects that the court considered Escobar's arguments and sufficiently explained its reasons for concluding that a mid-range sentence was warranted. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Escobar next contends that his sentence is substantively unreasonable in light of the mitigating factors and the district court's denial of the cultural assimilation departure. The district court did not abuse its discretion in imposing Escobar's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The within-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Escobar's criminal history and the need for deterrence. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**